UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOEL BOSH, BOSCH MUSIC PUBLISHING, BOSCH LLC.<br><br>Plaintiffs<br><br>v.<br><br>T-MOBILE DE PUERTO RICO<br><br>Defendants | CIVIL NO. _____<br><br>COPYRIGHT INFRINGEMENT<br>MORAL RIGHTS VIOLATIONS<br>TRADEMARK INFRINGEMENT<br>AND DEMAND FOR JURY TRIAL |

**COMPLAINT**

TO THE HONORABLE COURT:

Come Now Plaintiffs Joel Bosh, Bosch Music Publishing and Bosch LLC, through undersigned attorneys and respectfully bring this action for copyright infringement and trademark infringement against captioned defendant, as follows:

I.      NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action to recover damages for defendants' willful acts of copyright infringement arising under the 1976 Copyright Act, as amended, 17 U.S.C. §101, et seq.; for moral rights violations under Puerto Rico law, 31 L.P.R.A. §1401, et seq; and for trademark infringement under Trademarks Law of the U.S. 15 U.S.C.1051, et seq.

1

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, and §1338(a) and pursuant to the U.S. Copyright Act, 17 U.S.C. §501(b) and the U.S. Trademarks Act, 15 U.S.C.§1051, et seq. Furthermore, it has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.§1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1), (b)(2) and (c)(2) and 28 U.S.C. §1400(a) because this is the district in which all defendants are found or are authorized to do business and a substantial part of all infringing actions have occurred in this district.

II.     THE PARTIES

4. Plaintiff Joel Bosh is an artist, composer and musician. He is the author of the musical composition "Yo Soy Boricua Pa' Que tú lo Sepas" ("the Composition").

5. Plaintiff Bosch Music Publishing is a music publisher that holds the exclusive right to authorize others to use, synchronize, and engage in commercial uses of the Composition.

6. Bosch Music, LLC is a limited liability Company organized under the laws of Florida that owns Bosch Music Publishing.

7. Plaintiff Joel Bosh is the owner of the standard character mark "Yo Soy Boricua Pa Que Tu Lo Sepas" duly registered in the Principal Register U.S.Patent and Trademark Office, under registration number 5057145 in class 35, advertising and promotional services. The Certificate is attached as Exhibit 1 to this Complaint.

8. Defendant T-Mobile Puerto Rico, LLC is a Delaware limited liability company authorized to do business in Puerto Rico. Defendant T Mobile Puerto Rico is engages in the business of selling cellular phones and other wireless communications services in Puerto Rico.

### III.   Facts

9. On or before July, 1996, Joel Bosh created, composed, produced, and recorded the composition "Yo Soy Boricua Pa' Que Tú Lo Sepas" (the "Composition").

10. The Composition is an original creation of Plaintiff Bosch and constitutes copyrightable subject matter under the Copyright laws of the United States.

11. Plaintiff Bosch filed for and received copyright registration certificate PAu2-091-562 from the U.S. Copyright Office on July 24, 1996.  According to the Certificate, Plaintiff Bosch is the author of the words and music, as well as the copyright claimant.  A true and exact copy of said Copyright Certificate is attached to this Complaint as Exhibit 2.

12. Having procured a Copyright Certificate within 5 years of creation and prior to publication, the aforementioned Copyright Certificate constitutes *prima facie* evidence of the matters contained therein regarding ownership. 17 U.S.C. §410 (c).

13. At all times relevant herein Plaintiff and/or his music publisher Bosch Music Publishing has been the sole owner of all rights, titles and interests in and to the Composition the copyright in the Composition.

14. The Composition is a well-known composition, particularly the chorus "Yo Soy Boricua pa' que tú lo sepas", which has become a patriotic chant among Puerto Ricans in activities related to Puerto Rico national teams.

15. Plaintiff Bosh has used the mark "Yo Soy Boricua Pa Que Tu Lo Sepas" at least since 1995.

16. Plaintiff Bosh has used the mark in commerce by selling and promoting clothing with the mark in activities where Puerto Ricans convene and celebrate activities such as the Puerto Rican Day Parade in New York City.

17. Plaintiff's mark, by its registration in the USPTO is a valid mark and Plaintiff has the exclusive right to use said mark in commerce.

18. Since the issuance of this registration certificate, Plaintiff Bosh has been and still is the owner of the mark and has used the same in commerce.

19. On or about March of 2017, Plaintiff proposed to Defendant T Mobile the integration of his trademark in activities related to the welcome of Team Rubio.

20. The proposal was forwarded to Miguel Rojas López and Lyanette Dávila, employees or directors of Defendant's marketing department.

21. No response to the proposal was received.

22. On or about March 21, 2017, Defendant T Mobile used Plaintiff's mark in conjunction with its mark T-Mobile in an activity celebrating the return of Puerto Rico's team from the 2017 World Baseball Classic, where they won a silver medal.

23. In the aforementioned activity, Defendant used a portion of Plaintiff Bosh's copyrighted musical composition to create a commercial jingle and perform it publicly.

24. The lyrics of the jingle created by or for the benefit of Defendant T Mobile is as follows: "Yo soy Boricua pa que tu lo sepas, llego el Team Rubio y con T Mobile se formó la fiesta."

25. Defendant altered the melody/music of Plaintiff's original copyrighted composition.

26. Defendant did not request a license for the use of Plaintiff's composition.

27. Defendant did not receive a license for the use of Plaintiff's composition.

28. Defendant did not request permission to alter the melody/music of Plaintiffs' composition.

29. Defendant did not receive permission to alter the melody/music of Plaintiffs' composition.

30. In the aforementioned instance, T Mobile used Plantiff's mark "Yo Soy Boricua Pa Que Tu Lo Sepas" by incorporating it into a commercial jingle created to promote defendant's goods and services.

31. Defendant T Mobile used the mark in this manner: "Yo soy Boricua pa que tu lo sepas, llego el Team Rubio y con T Mobile se formó la fiesta." ("I am Boricua so that you know it, Team Rubio has arrived and with T Mobile the party has been formed.")

32. There never has been a commercial or other relationship between Plaintiff Bosh and defendant T-Mobile.

33. The use of Plaintiff's mark in conjunction with T-Mobile's mark was an unauthorized use of Plaintiff's mark to advertise and promote T Mobile's products.

34. Defendant T Mobile's use of Plaintiff's mark is likely to cause confusion, mistake and deception among consumers by creating a business relationship where none exists.

35. Defendant T Mobile was fully aware of Plaintiff's trademark and registration when it committed its act of infringement in willful and flagrant disregard of Plaintiff's rights.

36. Defendant T Mobile has been aware of Plaintiff Bosh's use of the mark in commerce when it created and its jingle.

37. As a result of defendant T Mobile's actions, Plaintiff has been harmed and if defendant is allowed to engage in this conduct, will encourage others to infringe upon Plaintiff's mark thereby destroying the trademark's value.

   IV.   FIRST CAUSE OF ACTION.  TRADEMARK INFRINGEMENT (15 U.S.C.114(1)(A))

38. All preceding allegations are incorporated herein by reference.

39. Defendant's use of Bosh's mark constitutes an actionable trademark infringement claim under 15 U.S.C. §1114(1)(a).

40. Defendant T Mobile had actual knowledge of Plaintiff's trademark registration.

41. As a result of defendant T Mobile's actions, Plaintiff has been harmed and if defendant is allowed to engage in this conduct, will encourage others to infringe upon Plaintiff's mark thereby destroying the trademark's value.

42. The use of Plaintiff's mark in conjunction with T-Mobile's mark was an unauthorized use of Plaintiff's mark to advertise and promote T Mobile's products.

43. As a proximate result of Defendant T Mobile's actions, Plaintiff has suffered detriment to its business, goodwill, reputation and profits in an amount that has yet to be fully ascertained.

44. This is an exceptional case in which Defendant T Mobile knowingly and willfully infringed Plaintiff's trademark rights.  Plaintiff is therefore entitled to recover, under 15 U.S.C. 1117(a), attorneys' fees as well as three times the actual damages sustained by Plaintiff.

### V. SECOND CAUSE OF ACTION - UNFAIR COMPETITION UNDER SECTION 43(A) OF LANHAM ACT, 15 U.S.C. §1125(A)

45. All preceding allegations are incorporated herein by reference.

46. Defendant T Mobile's actions constitute a false designation of origin and/or a false or misleading description and/or a false or misleading representation of fact that is likely to cause confusion as to affiliation or connection between Defendant and Plaintiff's

services and goods and therefore constitute a violation of Section 43(a) of the of Lanham Act, 15 U.S.C. §1125(a).

47. Defendant T Mobile's action caused confusion with respect to the origin, sponsorship or approval of its goods and services and Plaintiffs services.

48. T Mobile's action falsely represents that its services are sponsored, marketed, approved and/or licensed by Plaintiff's services.

49. As a proximate result of Defendant T Mobile's actions, Plaintiff has suffered detriment to its business, goodwill, reputation and profits in an amount that has yet to be fully ascertained.

50. This is an exceptional case in which Defendant T Mobile knowingly and willfully infringed Plaintiff's trademark rights.  Plaintiff is therefore entitled to recover, under 15 U.S.C. 1117(a), attorneys' fees as well as three times the actual damages sustained by Plaintiff.

## VI. THIRD CAUSE OF ACTION COPYRIGHT INFRINGEMENT VIOLATION OF EXCLUSIVE RIGHT TO REPRODUCE WORK (17 U.S.C. §106(1))

51.  All preceding allegations are incorporated herein by reference.

52. The owner of a work has the exclusive right to reproduce the copyrighted work.

53. Plaintiffs' Composition is duly copyrighted in the U.S. Copyright Office, under PAu2-091-562.

54. Defendant T Mobile had access to the Composition.

55. Defendant T Mobile used Plaintiff's chorus "Yo soy Boricua pa' que tú lo sepas" in its commercial jingle.

56. Defendant T Mobile did not have permission from Plaintiffs to reproduce the Composition.

57. Defendant T Mobile willfully and unlawfully reproduced Plaintiffs' work in the commercial jingle it produced.

VII. FOURTH CAUSE OF ACTION – COPYRIGHT INFRINGEMENT OF EXCLUSIVE RIGHT TO PUBLICLY PERFORM THE WORK (17 U.S.C. §106(4))

58. All preceding allegations are incorporated herein by reference.

59. The owner of a copyrighted work has the exclusive right to perform the copyrighted work publicly.

60. Under the Copyright Act, "perform a work " means to recite, render, play, dance, or act it, either directly or by means of any device or process or, in the case of a motion picture or other audiovisual work, to show its images in any sequence or to make the sounds accompanying it audible." 17 U.S.C. §101.

61. Defendant has publicly performed Plaintiffs' Composition in the activity mentioned in paragraph __ above by singing excerpts of the Composition in public forums as well as, by information and belief, television channels, radio stations, to be played through other media and social media outlets.

62. Defendant did not have permission from Plaintiffs to publicly perform the Composition.

63. Defendant a has willfully infringed Plaintiffs' exclusive right to publicly perform the Composition.

VIII. FIFTH CAUSE OF ACTION - TRADEMARK INFRINGEMENT –UNFAIR COMPETITION UNDER PUERTO RICO LAW. 10 L.P.R.A. § 223A

64. All preceding allegations are incorporated herein by reference.

65. Plaintiff Bosh has used his mark "Yo Soy Boricua Pa Que Tu Lo Sepas" in Puerto Rico through various outlets.

66. Defendant T Mobile's actions described in this Complaint constitute a false designation of origin and/or a false or misleading description and/or a false or misleading representation of fact that is likely to cause confusion as to affiliation or connection between Defendant and Plaintiff's services and goods and therefore constitute a violation of Section 233w of Puerto Rico Trademarks Law, 10 L.P.R.A.§233w.

67. Defendant T Mobile's action caused confusion with respect to the origin, sponsorship or approval of its goods and services and Plaintiffs services.

68. T Mobile's action falsely represents that its services are sponsored, marketed, approved and/or licensed by Plaintiff's services.

69. As a proximate result of Defendant T Mobile's actions, Plaintiff has suffered detriment to its business, goodwill, reputation and profits in an amount that has yet to be fully ascertained.

## IX. SIXTH CAUSE OF ACTION– INFRINGEMENT OF UNDER PUERTO RICO LAW. 31 L.P.R.A. §1401, ET.SEQ.

70. All preceding allegations are incorporated herein by reference.

71. Puerto Rico's Civil Code protects: "The right to be recognized as the author, whenever that is the case, as well as to prevent the attribution thereto of works that are not his. It includes the right to determine whether the work shall be published under his name, under a pseudonym or sign, or anonymously." 31 L.P.R.A. § 1401j.

72. It also protects the right: "To prevent the mutilation, deformation, or alteration of the work so that it undermines the legitimate interests or reputation of the author." 1 L.P.R.A. § 1401j.

73. Plaintiff Bosh has a legitimate interest in protecting his nexus with his work "Yo Soy Boricua Pa' Que Tu Lo Sepas".

74. Defendant TMobile used "Yo Soy Boricua Pa' Que Tu Lo Sepas" as if it were an authorless popular expression, to be used at will.

75. Defendants T Mobile did so by altering his work, changing the rhythm/melody and inserting new lyrics that go before and after the chorus.

76. That use weakens the public's perception of Bosh's nexus with his work and of the nature of his work.

77. Defendant T Mobile's actions have violated Bosh's rights to attribution and integrity in a combined manner.

## X. JURY DEMAND

Plaintiffs hereby request a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment ordering each defendant to: (1) pay damages under 15 U.S.C. §117, (2) Under 17 U.S.C. §504, pay damages, be there actual damages suffered by Plaintiffs as a consequence of Defendants' infringements as well as all profits derived by Defendants related to the infringements, or statutory damages, at Plaintiffs selection, for the willful infringement of Plaintiffs' exclusive rights of reproduction and performance; (3) pay Plaintiffs' attorney's costs and fees incurred

in the prosecution of this action pursuant to 17 U.S.C.§505 and 15 U.S.C.§1117; (3) order the impoundment and destruction of all copies of the infringing works; (4) order T Mobile to pay damages for its violation of Plaintiff Bosch's moral rights, in the amount of $100,000.00; and (e) any such other relief as this Court deems appropriate.

Respectfully submitted.

In San Juan, this 12th of March, 2018.

| | |
|---|---|
| **s/ José A. Hernández Mayoral** | **s/Patricia Rivera-MacMurray** |
| José A. Hernández Mayoral | Patricia Rivera MacMurray, |
| USDCNO. 205307 | USDC No. 222309 |
| 206 Tetuán, Suite 702 San Juan, PR 00901 | #206 Tetuán Street, Suite. 702 San Juan, Puerto Rico 00901 |
| Tel. 787 722-7782/787 607-4867 | Tel. 787 722 7782/ 787 607 3700 |
| Fax: 787 722-7786 | Fax 787 722 7786 |
| Email: jahm@mac.com | email: prm3@mac.com |